## SPAID et al. v. UNITED STATES.
### No. 6091.

District Court, D. Maryland.
Dec. 12, 1938.

Caesar Aiello and George E. Elliott, both of Washington, D. C., for plaintiffs.

Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., James W. Morris, Asst. Atty. Gen., and Thomas G. Carney, John G. Remey, and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., for the United States.

CHESNUT, District Judge.

This is a companion case to that of John S. Flannery et al. v. United States, D.C., 25 F.Supp. 677, in which a full opinion has this day been filed. In both cases the facts, fully stipulated, are the same except as to the amounts of the income and tax thereon applicable to the two partners, Hibbs and Spaid. The principles of law affecting both cases are the same. It is therefore unnecessary to repeat the discussion in the opinion filed in the Flannery case relating to the income and tax of the partner Hibbs. In the present case (affecting the partner Spaid) the amount of additional income computed by the Commissioner as Spaid's share of the profit on the sale of the one-quarter interest in the Stock Exchange seat and alleged to have been realized for the period of March 1, 1913 through September 30, 1928, was $24,330.97. Upon this additional income so computed Spaid paid taxes in the amount of $3,041.37 and interest thereon of $386.66, the total of which, $3,428.03, is the principal amount sought to be recovered in this suit.

For the reasons given in the opinion in the Flannery case I have concluded as a matter of law that the partner Spaid was not taxable for the year 1929 on the item of $24,330.97 in controversy. I therefore hold as a matter of law that the plaintiff is entitled to recover the sum sued for but with the following stated deduction.

Spaid's interest in the *partnership profit* on the sale of the one-quarter Stock Exchange seat in 1929 was determined to be $7,548.57. There is no dispute as to the correctness of this amount or of its taxability as income to Spaid. It now appears, however, that the Commissioner in computing Spaid's total 1929 income tax assessed tax on this undisputed item at the 12½% rate applicable to capital gains on principal held more than two years. It is now conceded in the plaintiffs' reply brief that this item should have been taxed as ordinary income of Spaid, the rate for which on his income tax return for 1929 was 24% (4% normal tax and 20% surtax). It was therefore undertaxed 11½% amounting to $868.-08. On this basis the principal amount recoverable by the plaintiff is $2,173.28 plus whatever amount of interest was overpaid, together with interest thereon as allowed by law in these cases.

It may be noted that the defendant has not filed a special equitable plea in this case as in the Flannery case but the defendant contends that the same defense is open to it under the general issue pleas in view of the fact that the nature of the plaintiffs' action is for money had and received by the defendant which is itself of an equitable nature. It is unnecessary to pass on this point of pleading as for other reasons I have concluded the defense is not maintainable. It should also be noted, however, that the defendant concedes that if this defense were sustainable it would not be applicable to the extent of $1,208.42, which was the amount of cash paid by Spaid on account of the disputed tax for 1929, over and above credit given to him (on account of the 1929 deficiency tax) arising from the credit to him for overpayment of his 1928 tax.

The stipulation of facts may be taken as the special findings of fact for the case.

Counsel should agree on the form of the judgment to be entered in this case, which follows a particular procedure with respect to computation of interest on the sums recovered. Counsel should also agree as to the exact figures to be included in the judgment in accordance with the principles outlined in this opinion and in that of the Flannery case. When the agreement has been reached as to the form of judgment it can be submitted for approval and directions to the clerk to enter.