UNITED STATES of America, Appellant,

v.

Flora F. HERRING, Administratrix of W. A. Herring Estate, Appellee.

No. 7288.

United States Court of Appeals Fourth Circuit.

Argued Nov. 19, 1956.

Decided Jan. 2, 1957.

Carrington Williams, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., and Jane A. Parker, Asst. U. S. Atty., Smithfield, N. C., on brief), for appellant.

Joseph H. Levinson, Benson, N. C., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

SOPER, Circuit Judge.

This suit was brought by Flora F. Herring, administratrix of the estate of W. A. Herring, her deceased husband, against the United States to secure a refund of income taxes which had been paid by the estate after the decedent's death. W. A. Herring died on July 18, 1948, leaving a gross estate of $230,387.94. On July 12, 1949, the administratrix made an estate tax return showing a 1949 estate tax liability of $28,280.63, which she then paid; but in 1950 it was ascertained that there had been an overpayment of the estate tax in the sum of $13,686.90, which was thereupon refunded to the administratrix.

On July 10, 1951, after an investigation, the Commissioner issued a preliminary notice proposing a deficiency in income taxes, civil penalties for fraud, delinquency penalties and interest against the widow individually and against the estate for the years 1932 to 1948 in the amount of $103,102.28. The assessment of this tax, however, was not made until October, 1952. The tax was subsequently paid in instalments, the last payment of $18,549.72 being made on April 16, 1954. The payment of this tax greatly reduced the size of the estate and the amount of the estate tax liability. Consequently, on October 24, 1952, the administratrix filed a claim for refund of estate taxes; but the claim was rejected and the administratrix then filed suit for the refund in the District Court below. Recovery was then denied on the

ground that the claim had not been filed in three years after the payment of the estate taxes as required by the statute. Subsequently in May 1955, the administratrix filed a timely claim with the Director for refund of income taxes in the amount of $13,752.77, the same amount as the claim for refund of estate taxes which had been made in the earlier litigation; and upon its rejection the instant suit was filed.

The theory of the suit is that in making its claim for refund the estate is entitled to recoup the overpayment of estate taxes against the amount of the income taxes which were paid by the administratrix after the death of the decedent. The District Judge approved this theory and gave judgment for the estate for the amount claimed under the authority of Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. In that case the Government wrongfully collected and retained an estate tax on monies earned and paid to the estate in partnership transactions after the decedent's death, which were not part of the corpus of the estate but were subject to tax as income. Subsequently and before the time allowed for filing a claim for refund had elapsed, the Government assessed and collected an income tax on the same money. Thereafter the administratrix filed a timely suit in the Court of Claims for refund of the income tax, contending that the Government should have credited against that tax the amount of the overpayment of the estate tax. The Court rejected the claim on the ground that it was then too late to recover for the overpayment, but the Supreme Court reversed the judgment, holding that under equitable principles the estate was entitled to recoup from the amount of the income tax lawfully due the amount of the estate tax unlawfully imposed, although suit to recover the unlawful tax independently had become barred. The Court said, 295 U.S. at pages 260, 261, 262, 263, 55 S.Ct. at page 700:

"In a proceeding for the collection of estate tax, the United States through a palpable mistake took more than it was entitled to. Retention of the money was against morality and conscience. But claim for refund or credit was not presented or action instituted for restitution within the period fixed by the statute of limitations. If nothing further had occurred congressional action would have been the sole avenue of redress.

"In July, 1925, the government brought a new proceeding arising out of the same transaction involved in the earlier proceeding. This time, however, its claim was for income tax. The taxpayer opposed payment in full, by demanding recoupment of the amount mistakenly collected as estate tax and wrongfully retained. Had the government instituted an action at law, the defense would have been good. The United States, we have held, cannot, as against the claim of an innocent party, hold his money which has gone into its treasury by means of the fraud of its agent. United States v. State [Nat.] Bank, 96 U.S. 30, 24 L.Ed. 647. While here the money was taken through mistake without any element of fraud, the unjust retention is immoral and amounts in law to a fraud on the taxpayer's rights. * * * If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely.

"The circumstance that both claims, the one for estate tax and the other for income tax, were prose-

cuted to judgment and execution in summary form does not obscure the fact that in substance the proceedings were actions to collect debts alleged to be due the United States. It is immaterial that in the second case, owing to the summary nature of the remedy, the taxpayer was required to pay the tax and afterwards seek refundment. This procedural requirement does not obliterate his substantial right to rely on his cross-demand for credit of the amount which, if the United States had sued him for income tax, he could have recouped against his liability on that score." 295 U.S. at pages 262–263, 55 S.Ct. at pages 700, 701.

The taxpayer also relies on Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L. Ed. 1265, where testamentary trustees sued for refund of income taxes erroneously collected and the equitable principle of recoupment was applied in favor of the Government which was allowed to set up the defense that the tax should have been paid by the beneficiary, although collection from the beneficiary was then barred.

In Rothensies v. Electric Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296, the same principle was recognized but it was held to be inapplicable to a taxpayer who sought to recoup from an income tax liability due in 1939 the amount of excise taxes unlawfully exacted from the taxpayer in the years 1919 to 1922 and barred from refund by the statute of limitations. It was thought that the two transactions were too remote from one another to justify recoupment and that claims so long dead could not be resurrected under the doctrine.

Notwithstanding these decisions, the Government contends that the case is controlled by the provisions of 26 U.S.C. §§ 3746, 3770, 3774 and 3775.[1] The effect of these sections of the statute is to prohibit the use by the Government of a barred deficiency and the use by the taxpayer of a barred overpayment as a credit with respect to tax liabilities. The corresponding sections 607, 608 and 609 of the Revenue Act of 1928, Chap. 852, 45 Stat. 791, 874 and 875 were considered by Justice Stone and applied in McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46.[2] In that case the taxpayer

---

1. Sec. 3746. Suits for Recovery of Erroneous Refunds.

   (a) *Refunds after Limitation Period.*—Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) refund of which is erroneously made, within the meaning of section 3774, may be recovered by suit brought in the name of the United States, but only if such suit is begun within two years after the making of such refund.

   Sec. 3770. Authority To Make Abatements, Credits, and Refunds.

   (a) *To taxpayers*

   (2) *Assessments and collections after limitation period.* Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim.

   Sec. 3774. Refunds After Periods of Limitation.

   A refund of any portion of an internal revenue tax (or any interest, penalty,

   additional amount, or addition to such tax) shall be considered erroneous—

   (a) *Expiration of Period for Filing Claim.*—If made after the expiration of the period of limitation for filing claim therefor, unless within such period claim was filed; or

   Sec. 3775. Credits After Periods of Limitation.

   (a) *Period Against United States.*—Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 3770(a) (2).

   (b) *Period Against Taxpayer.*—A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered erroneous under section 3774.

2. This decision was followed in Flannery v. United States, D.C.Md., 25 F.Supp. 677 and Spaid v. United States, D.C.Md., 28 F.Supp. 670, affirmed 4 Cir., 106 F. 2d 315; American Light & Traction Co. v. Harrison, 7 Cir., 142 F.2d 639, 154 A.L.R. 1042; Lyeth v. Hoey, 2 Cir., 112 F.2d 4, 130 A.L.R. 830; Wood v. United States, 2 Cir., 213 F.2d 660.

had earned a profit on the purchase price of stock which was payable in ten annual instalments and paid the tax thereon in each year until his death in 1928. Thereafter his administrator continued to pay income tax on instalments for three years. These payments by the administrator were erroneous since under the relevant statute the unpaid instalments at the time of the taxpayer's death should have been capitalized and the profit thereon should have been reported as income in the year of the taxpayer's death. Subsequently the administrator sued for refund of his three instalment payments and the Government sought to credit against the claim the earlier unpaid tax for 1928, which was then barred by limitations. The Court held that the administrator was entitled to recover and that the credit claimed by the Government could not be allowed by reason of the provisions of §§ 607 and 609 of the statute. The Government contends that the same reasoning should be applied in the pending case. The same sections of the statute, however, were previously considered by Justice Stone in his earlier decision in Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, and he there held that they did not prevent the application of the principle of recoupment in the situation presented to the Court.

We are of the opinion that the corresponding sections of the statute upon which the Government now relies do not preclude recoupment in the pending case. We see no substantial distinction between the Bull case and the case now before us in this respect. In both the Government has received monies which in equity and good conscience belong to the taxpayer, and in both the allowance of recoupment should be made to avoid the bar of the statutes of limitations. It is true that in the Bull case both claims of the Government grew out of the same transaction and were asserted against the same money in the hands of the executor; but that, in practical effect, is the situation that prevails here. The Government has asserted two claims against the monies of the estate that came into the hands of the administratrix—one on account of past due income taxes and the other on account of the estate tax due on the net estate, and it is impossible to determine the amount of the latter without making due allowance for the deduction caused by the former. In one respect the equities in favor of the taxpayer are stronger here than in the Bull case, for in the latter the time for filing a claim for refund of the estate tax had not expired when the income tax was assessed, whereas in the pending case the income tax was not assessed until after the refund of the estate tax was barred.

Affirmed.