Dorothy Rosa **BOWCUT**, formerly Dorothy Rosa Mora, Executrix of the Estate of Edward Mora, deceased, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. No. 142.

United States District Court
D. Montana,
Billings Division.

Aug. 6, 1959.

Robert E. Hendrickson, Billings, Mont., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Carrington Williams, Dept. of Justice, Washington, D. C., Krest Cyr, U. S. Atty., Butte, Mont., Waldo N. Spangelo, Asst. U. S. Atty., Billings, Mont., for defendant.

JAMESON, District Judge.

This is an action for recovery of $3,819.57 and interest paid in estate taxes in 1953. Plaintiff taxpayer is the former wife of Edward Mora (who died August 8, 1952), and the executrix of his estate. On June 11, 1953, a federal estate tax return was filed in the Mora estate, and the tax, amounting to $3,865.90, was paid.

Subsequent to Mora's death, the Commissioner of Internal Revenue determined that Mora and the taxpayer had omitted approximately $80,000 from their income tax returns for the years 1947 through 1950. On May 21, 1954, a revenue agent conferred with taxpayer and her accountant, and on August 6, 1954, a copy of the agent's proposed adjustments was sent to taxpayer's accountant, who was authorized to act for her.

On December 15, 1954, the taxpayer was sent a report, commonly known as the thirty-day letter, proposing adjustments in income and additional taxes and penalties totaling $52,172.41. A protest was submitted by the taxpayer on February 16, 1955. After a series of conferences and correspondence between taxpayer's accountant and the Revenue Service, and the execution of waivers by taxpayer extending the statute of limitations, taxpayer and the Revenue Service agreed upon a total liability of $32,296.08 in income taxes, penalties for fraud, and interest. On or about April 3, 1956, a formal offer was submitted by the taxpayer on Treasury Form 870–AD, and the offer was accepted for the Commissioner on May 4, 1956. The tax was subsequently paid in two installments,— on December 21, 1956 and February 20, 1957.

The estate tax was handled for the Revenue Service by Agent Walter F. Williams, who had nothing to do with the income tax investigation. The negotiations regarding the income tax liability were handled by the appellate staff of the Revenue Service, of which Denver E. Watson was in charge. Williams, however, was aware of the possibility of an income tax deficiency. He testified that prior to June 11, 1956 he advised the attorney who was handling the estate tax matter and the accountant who was handling the income tax liability that a protective claim should be filed, and

prepared and sent to the attorney an acceptance of over-assessment of the estate tax. This was signed by the taxpayer on June 12, 1956, and returned to Williams on that date or within a day or two thereafter. The attorney testified that Williams called him on the telephone on or about the 11th day of June and at that time forwarded to him the form of acceptance of over-assessment to be signed by plaintiff. The acceptance (Dft. Ex. 1) was marked "void—statute expired", by the Internal Revenue Service.

On November 8, 1956, the taxpayer filed a claim for refund of estate taxes, which was disallowed. On March 29, 1957, a claim was filed for refund of income taxes, based on the theory of equitable recoupment of estate tax overpayment, and this claim was also disallowed.

Had the plaintiff taxpayer filed a claim for refund of the estate taxes within the statutory period, there would be no question of her right of recovery. The Government does not contend otherwise. The estate taxes were paid on June 11, 1953. The claim for refund was not filed until November 8, 1956. The claim accordingly is barred by the three-year period of limitations prescribed by Section 910 of the Internal Revenue Code of 1939 [1], unless the overpayment may be recovered by recoupment against the deficiency assessment for income taxes, for which a timely refund claim was filed.

The Government contends that the doctrine of equitable recoupment is not applicable and that the taxpayer's claim "violates Sections 3774(a) and 3775(b), Int.Rev.Code of 1939." [2] While other issues are suggested by the pleadings and briefs of counsel, it is my conclusion that the determinative issue is whether the taxpayer is entitled to recoup the overpayment of estate taxes against the income tax deficiency paid by the taxpayer.

A leading case on the doctrine of equitable recoupment, as applied to tax cases, is Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. In that case decedent died in February, 1920. The Commissioner required all of decedent's 1920 income from a

---

1. "§ 910. Period of limitation for filing claims. All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund." 26 U.S.C.A. Int. Rev.Code of 1939, as amended, § 910; 53 Stat. 138.

2. "§ 3746. Suits for recovery of erroneous refunds (a) Refunds after limitation period. Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) refund of which is erroneously made, within the meaning of section 3774, may be recovered by suit brought in the name of the United States, but only if such suit is begun within two years after the making of such refund."
\* \* \* \* \*
26 U.S.C.A. Int.Rev.Code of 1939, as amended, § 3746; 53 Stat. 461.

"§ 3774. Refunds after periods of limitation. A refund of any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) shall be considered erroneous—
"(a) Expiration of period for filing claim. If made after the expiration of the period of limitation for filing claim therefor, unless within such period claim was filed; or"
\* \* \* \* \*
26 U.S.C.A. Int.Rev.Code of 1939, as amended, § 3774; 53 Stat. 466, amended Oct. 21, 1942, 56 Stat. 957.

"§ 3775. Credits after periods of limitation.
"(a) Period against United States. Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 3770(a) (2).

"(b) Period against taxpayer. A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be. considered erroneous under section 3774." 26 U.S.C.A. Int. Rev.Code of 1939, as amended, § 3775; 53 Stat. 466.

partnership to be included in his gross estate, and the resulting ·tax was paid. In 1925 the Commissioner determined an income tax on the net income previously included in the estate tax. The taxpayer was barred by the statute of limitations from seeking a refund of the estate tax. In an action for refund of income taxes, the Court held that the decedent's share of the 1920 partnership profits was properly income rather than gross estate, and permitted the estate to recoup from the income tax deficiency the barred overpayment of the estate tax. It is true, as the Government contends, that factually the Bull case is distinguishable from the instant case in at least two particulars: (1) the Bull case involved a single taxable event occurring in one income year; and (2) the income was improperly included in the gross estate through an error of the Commissioner, whereas in the instant case the failure to report properly the taxable income was that of the taxpayers and not the Commissioner. While the Court held that the unjust retention under the circumstances in the Bull case was "immoral" and amounted in law "to a fraud on the taxpayer's rights", the rationale of the application of the doctrine of equitable recoupment is found in the following statement:

"* * * If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely".[3] 295 U.S. at page 262, 55 S.Ct. at page 700.

The Supreme Court has considered the doctrine of equitable recoupment in at least three tax cases subsequent to Bull v. United States. In Stone v. White, 1936, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, the doctrine was applied in favor of the Government. There the income from a trust belonging to a sole beneficiary was erroneously taxed to and collected from the trustees, when it should have been taxed to the beneficiary. In an action by the trustees for refund, the Government was permitted to set up in defense that it had the right to retain the money by way of equitable recoupment, although collection from the benefi-·ciary was barred by the statute of limitation.

McEachern v. Rose, 1937, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, considered the question of whether overpayments of income taxes for the years 1929, 1930, and 1931 were so related to a tax "on income which should have been but was not assessed against the taxpayer for the year 1928, as to preclude recovery of the overpayments although collection of the 1928 tax was barred by the statute of limitations. The taxpayer had sold stock for which the purchase price was payable in ten annual installments. After his death in 1928, his administrator continued to pay income tax on the installments, when he should have reported as income for the year of the taxpayer's death the capital gains then included in

---

3. The court said further: "The circumstance that both claims, the one for estate tax and the other for income tax, were prosecuted to judgment and execution in summary form does not obscure the fact that in substance the proceedings were actions to collect debts alleged to be due the United States. It is immaterial that in the second case, owing to the summary nature of the remedy, the taxpayer was required .to pay the tax and afterwards seek refundment. This procedural requirement does not obliterate his substantial right to rely on his cross-demand for credit of the amount which, if the United States had sued him for income tax, he could have recouped against his liability on that score." 295 U.S. 262–263, 55 S.Ct. 701.

the unpaid installments. Relying upon Sections 607, 608, and 609 of the Internal Revenue Act of 1928, c. 852, 45 Stat. 791, predecessors of Sections 3774 and 3775, Int.Rev.Code of 1939, supra, the Court held that the prohibition of credit of an overpayment of one year against a barred deficiency for another, and the requirement that payment of a barred deficiency be refunded, "are controlling evidences of the congressional purpose by the enactment of sections 607 and 609 to require refund to the taxpayer of an overpayment, even though he has failed to pay taxes for other periods, whenever their collection is barred by limitation." Stone v. White, supra, was expressly distinguished: "Sections 607 and 609 do not apply in the circumstances disclosed in Stone v. White, supra. There testamentary trustees had paid from income a tax upon it which should have been paid by the beneficiary, and it was held that they were not equitably entitled to recover the tax after the statute had barred collection from the beneficiary. The assessment of a deficiency against the trustees and the payment of it by them were not barred by limitation. Hence section 607 did not compel a recovery. Section 609 did not require it." 302 U.S. at pages 62–63, 58 S.Ct. at page 87.

The Government contends that the application of the doctrine of equitable recoupment was more sharply defined and limited in Rothensies v. Electric Storage Battery Co., 1946, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296. In that case the taxpayer claimed a refund of excise taxes paid between 1922 and 1926, which was allowed, and the resulting income was taxed in 1935. The taxpayer then argued that the additional income tax should be recouped from overpayment of other excise taxes between 1919 and 1922. The court denied recovery. In distinguishing Bull v. United States and Stone v. White, the court said in part:

"* * * In Bull v. United States, the one taxable event was receipt by executors of a sum of money. An effort was made to tax it twice —once under the Income Tax Act as income to the estate after decedent's death and once under the Estate Tax Act as part of decedent's gross estate. This Court held that the amount of the tax collected on a wrong theory should be allowed in recoupment against an assessment under the correct theory. In Stone v. White, likewise, both the claim and recoupment involved a single taxable event, which was receipt by an estate of income for a period. The trustees had paid the income tax on it but this Court held it was taxable to the beneficiary. Assessment against the beneficiary had meanwhile become barred. Then the trustees sued for a refund, which would inure to the beneficiary. The Court treated the transaction as a whole and allowed recoupment of the tax which the beneficiary should have paid against the tax the Government should not have collected from the trustees. Whatever may have been said indicating a broader scope to the doctrine of recoupment, these facts are the only ones in which it has been applied by this Court in tax cases." 329 U.S. at page 300, 67 S.Ct. at page 272.

Under the facts here presented, the case most nearly in point is United States v. Herring, 4 Cir., 1957, 240 F.2d 225. An estate tax liability was paid on July 12, 1949. On July 10, 1951, the Commissioner proposed a deficiency in income taxes for the years 1932 to 1948, although the assessment was not made until October, 1952. The payment of this tax, as here, reduced the size of the estate and the amount of estate tax liability. The Government, as here, relied upon the provisions of 26 U.S.C.A. §§ 3746, 3770, 3774 and 3775, as construed in McEachern v. Rose, supra. In holding that the estate would be entitled to recoup the overpayment of estate taxes against income taxes paid, the court said in part:

"We are of the opinion that the corresponding sections of the statute

upon which the Government now relies do not preclude recoupment in the pending case. We see no substantial distinction between the Bull case and the case now before us in this respect. In both the Government has received monies which in equity and good conscience belong to the taxpayer, and in both the allowance of recoupment should be made to avoid the bar of the statutes of limitations. It is true that in the Bull case both claims of the Government grew out of the same transaction and were asserted against the same money in the hands of the executor; but that, in practical effect, is the situation that prevails here. The Government has asserted two claims against the monies of the estate that came into the hands of the administratrix—one on account of past due income taxes and the other on account of the estate tax due on the net estate, and it is impossible to determine the amount of the latter without making due allowance for the deduction caused by the former." 240 F.2d at page 228.

The Government points out that the income tax assessment in United States v. Herring was made after the period of limitations on refund of estate tax had run,[4] but concedes that aside from this distinction, the facts are similar. It is contended, however, that the Herring case was wrongly decided; that it was based on primarily sympathetic rather than legal grounds, thereby running against the basic policy embodied in statutes of limitation and in what the Supreme Court said in Rothensies v. Electric Storage Battery Co., supra. It appears to me, however, that the conclusion of the Fourth Circuit that the facts here presented come within the rule of Bull v. United States is correct.

This is the conclusion reached in Mertens, Federal Income Taxation. After a careful analysis of all of the Supreme Court decisions and many other cases, the author expressed the opinion that in United States v. Herring, "The result reached is sound," referring to the conclusions of the Fourth Circuit quoted above. Mertens, Federal Income Taxation, Vol. 10, ch. 58, § 58.42, fn. 27, p. 108. Mertens recognizes the restrictions and limitations imposed in Rothensies v. Electric Storage Battery Co. and other cases decided since Bull v. United States and, correctly I think, summarizes the requirement of the doctrine of equitable recoupment as follows:

"As above indicated, the recoupment doctrine, while recognized as applicable in some instances to take tax adjustments out of the field of limitations where a charge or credit on one side would ordinarily be barred but equitably should be allowed against a nonbarred liability asserted on the other, has inherent restrictions. These restrictions relate back to the doctrine of recoupment itself, which requires: (1) identity of cross-claiming parties, and (2) germaneness of the cross-claims to the same subject matter, i. e., whether the claims arise out of the 'same transaction'." Mertens, supra, p. 105.

In my opinion the instant case meets both requirements. Even though the income tax deficiency extended over a period of four years, the same moneys were involved in both the claim for income tax deficiency and the claim for estate tax. The situation here is more analogous to Bull v. United States than to McEachern v. Rose and Rothensies v. Electric Storage Battery Co., supra, where the attempted recoupment on a claim for income tax was based upon income for prior years.[5]

4. This distinction is immaterial on the authority of Bull v. United States, supra, where the time for filing a claim for refund of the estate tax had not expired when the income tax was assessed.

5. This distinction is recognized in American Light & Traction Co. v. Harrison, 7 Cir., 1944, 142 F.2d 639, 154 A.L.R. 1042, upon which the Government relies. That case, like McEachern v. Rose and

The Government contends further: (1) that Bull v. United States is distinguishable by reason of the fact that here the decedent and his wife had fraudulently failed to report their taxable income for a number of years; (2) that not all of the same items were subject to both taxes, referring in particular to the fact that $5,000 in cash found in the safety deposit box was included in the income tax redetermination, but not in the gross estate; and (3) that the "separateness of the two tax transactions" is illustrated by the way in which the estate tax and income tax liabilities were handled by different representatives for both the taxpayer and the Government. Civil fraud penalties were also involved in United States v. Herring; and such penalties, as well as the balance of the income tax deficiencies, are deductible for estate tax purposes. The fact that the taxpayer had her accountant handle her income tax return and her attorney the estate tax return, and that the Government had different agents for the respective returns, would not in any way affect the rights of the respective parties.[6] There is no explanation of the failure to include the $5,000 in the estate tax return, and it may well be that a recomputation of the tax will result in an amount less than is claimed by the taxpayer.

No useful purpose would be served by a discussion of the other authorities cited by counsel for the respective parties. In my opinion, all of them are distinguishable, and United States v. Herring is the only case directly in point. On the authority of that case, judgment will be entered for plaintiff, the amount to be determined by agreement of the parties. In the event the parties are unable to agree on the amount of the refund, the matter will be referred to the court for determination.

Rothensies v. Electric Storage Battery Co., supra, involved income taxes for different taxable periods. In distinguishing Bull v. United States, the court said: "In Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, the instant limitations statute was not involved, and the estate tax and the income tax not only arose out of the same transaction but were imposed on the identical moneys, so that the same receipt was made the basis of both income and estate tax. In our case two entirely different taxable periods are involved, and the tax is not laid on the same fund." * * * 142 F.2d at page 642.

6. While Agent Williams checked only the estate tax return, he was aware of the income tax deficiency. He testified that he advised a protective claim and, in fact, prepared a form for that purpose, manifesting a recognition that an offset was proper in the estate tax, if claim therefor were timely filed. It was not timely filed insofar as the estate tax was concerned, but a claim was filed within the statutory period with respect to the income tax deficiency.