UNITED STATES of America, Appellant,

v.

Dorothy Rosa BOWCUT, etc., Executrix of the Estate of Edward Mora, deceased, Appellee.

No. 16837.

United States Court of Appeals Ninth Circuit.

Jan. 17, 1961.

Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, I. Henry Kutz, William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., Krest Cyr, U. S. Atty., Butte, Mont., Waldo N. Spangelo, Asst. U. S. Atty., Billings, Mont., for appellant.

Robert E. Hendrickson, Billings, Mont., for appellee.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This action is brought for recovery of $3,819.57 overpayment of taxes. The tax involved was an estate tax, recovery of which was barred by the three-year statute of limitations on filing claims with the Commissioner. 26 U.S.C., Internal Revenue Code of 1939, as amended, § 910, 26 U.S.C.A. By this action the taxpayer seeks to recoup the overpayment from sums claimed by the United States (and paid by the taxpayer) for past due income tax, interest and civil fraud penalty.

The principal question presented by the appeal is whether equitable recoupment can be had from funds found to have been fraudulently withheld by the taxpayer; whether the clean hands maxim will prevent recovery. From judgment for the taxpayer rendered by the District Court, 1959, D.C.Montana, 175 F.Supp. 218, the United States has taken this appeal.

Dorothy Rosa Bowcut formerly was the wife of Edward Mora, a Montana resident, who died August 8, 1952. In her capacity as executrix of his estate, she is the taxpayer involved in this case. On June 11, 1953, a federal estate tax return was filed by the decedent's estate and tax in the sum of $3,865.90 was paid. Subsequently the Commissioner of Internal Revenue determined that Mora and his wife had omitted approximately $80,000 from their income tax returns for the years 1947 to 1950, and reported to the taxpayer a deficiency in the sum of $52,172.41. A protest was submitted by the taxpayer. After many conferences, it was agreed by the taxpayer and the revenue service that total liability be fixed at $32,296.08 for taxes, interest and penalties. A formal offer to this effect was made by the taxpayer, which on May 4, 1956, was accepted by the Commissioner. The tax subsequently was paid.

Payment of the tax deficiency on behalf of the estate reduced the taxable estate and entitled the estate to a refund for overassessment of estate tax. On November 8, 1956, the taxpayer applied for

the refund, which was disallowed upon the ground that it was barred by the three-year statute of limitations on filing claims for refund of estate tax. On March 29, 1957, a claim for refund was filed against the income tax deficiency assessed May 4, 1956, upon the theory of equitable recoupment of the overpayment in estate taxes. This claim also was disallowed and the present suit resulted.

Judgment of the District Court was based upon Bull v. United States, 1935, 295 U.S. 247, at page 262, 55 S.Ct. 695, at page 700, 79 L.Ed. 1421, where it was stated:

"If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely."

In this case the taxpayer emphasizes that she is seeking to recover the overassessment of estate tax by recoupment from the very fund which, taken from the estate, had brought about the fact of over-assessment.

The United States contends that equitable recoupment cannot apply under the circumstances of this case for the rea-

son, as stated in its brief, that "taxpayer and her decedent husband of whose estate she was the executrix had deliberately brought about through their fraudulent failure to correctly report their income tax liability for the years 1947 to 1950 the situation from which they now seek relief." [1]

The fraud asserted by the United States is then the failure of decedent and his wife correctly to report their taxable income for the years 1947 to 1950. For this fraud the assessed civil penalties have been paid in full. It was not this fraud which brought about the situation from which the taxpayer now seeks relief. Had she brought suit for recovery of estate taxes before the running of the statute, the fact of fraud would not have precluded recovery. The only act of this taxpayer which contributed to the circumstance of a double tax upon the estate was her erroneous return of estate tax liability.

■■ It is suggested by the United States that a fraud on the part of this taxpayer may be found in her knowingly misrepresenting the extent of the taxable estate and thus concealing the fact that an income tax deficiency was payable by the estate on behalf of the decedent. Should it have been the fact that the taxpayer had knowingly and intentionally over-reported estate tax liability for the purpose of concealing income tax liability and thus securing a tax advantage, the situation might well be different. There is, however, no evidence of such knowledge or fraudulent intent on the part of the taxpayer. The United States suggests that knowledge may be inferred or imputed from the fact that she, as an individual, had, jointly with

---

1. In the District Court the United States contended that recoupment was not proper for the reason that the claim of the government and the recoupment sought by the taxpayer did not arise out of a single transaction as required under the decisions in Bull v. United States, supra, and in Rothensies v. Electric Storage Battery Company, 1946, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296; that under these circumstances §§ 3774(a) and 3774(b) of the Internal Revenue Code of 1939, 26 U.S.C.A., render void any right to refund of overpayment. This contention was rejected by the District Court upon the authority of United States v. Herring, 4 Cir., 1957, 240 F.2d 225, and is not renewed upon this appeal. We are not therefore called upon to discuss or pass judgment upon this question.

her deceased husband, signed the tax returns for the years in question. No authorities are cited for the proposition and, considering the limited extent to which a wife normally is an active and knowing participant in the representations contained in a joint tax return, we doubt that any rational inference of knowledge or fraudulent intent can be drawn from this fact.

There has, then, been no showing that the hands of this taxpayer are unclean in respect to the transaction involved. In United States v. Herring, supra (Footnote 1), the facts were identical with those at bar insofar as the fraud penalty was concerned. Although the significance of the fraud penalty was not discussed, recoupment was there held proper.

The United States contends that for another reason recoupment should not be permitted under the circumstances of this case. It asserts that the situation from which relief is sought was created by the taxpayer's own lack of diligence in seeking refund of the estate tax. It is pointed out that the income tax deficiency was assessed on May 4, 1956, and that the statute did not run on estate tax refund until June 11, 1956, during all of which time the fact of overassessment of the estate tax had been known to the taxpayer. She then had five weeks within which to recover the overassessment of estate tax. It is pointed out that in the Herring case there had been no opportunity at all to recover an estate tax refund and that such recovery could not have been had save through a recoupment against the income tax claim.

The facts in the case before us are similar to those in Bull v. United States, and in our view that case is controlling upon this point. In that case the taxpayer had had as much opportunity as had the taxpayer here to enforce a legal right to refund, and equitable relief was not denied for this reason. It is apparently not the diligence of the taxpayer as to his legal rights which controls, but rather the inequity of holding that, while the government's rights under a transaction continue unimpaired, its adversary's rights thereunder are barred by limitations.

Affirmed.