ESTATE OF Frank BRANSON, Deceased; Mary M. March, Executor, Petitioner–Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.

No. 00–70293.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2001

Filed Sept. 5, 2001

Charles Bricken, Attorney, Tax Division, United States Department of Justice, Washington, D.C., for the respondent-appellant.

William Bates III, McCutchen, Doyle, Brown & Enersen, L.L.P., Palo Alto, California, for the petitioner-appellee.

Before: SNEED, WARDLAW, and BERZON, Circuit Judges.

SNEED, Circuit Judge:

This case is before us on appeal from a judgment of the Tax Court. In the proceeding below, the Tax Court held that Appellee, the Estate of Frank Branson,

had underpaid its estate taxes and owed a deficiency of $348,016. The Tax Court further held that Appellee need not pay the full amount of the deficiency. Rather, the Estate could, under the doctrine of equitable recoupment, credit a $96,515 income tax overpayment against the estate tax deficiency and pay only the remainder.

The Commissioner of Internal Revenue ("Commissioner") appeals the Tax Court's application of equitable recoupment to reduce the estate tax deficiency. The Commissioner argues, first, that the Tax Court has no jurisdiction to apply equitable recoupment. In the alternative, the Commissioner contends that equitable recoupment is not available on the facts of this case.

We hold that the Tax Court did not exceed its limited jurisdictional grant when it considered the affirmative defense of equitable recoupment. We also affirm the Tax Court's application of that doctrine in this case.

## FACTS

Frank Branson ("Decedent") died in November 1991. His daughter, Mary M. March, was named the executor and residuary beneficiary of his estate. As such, she assumed full individual liability for any additional taxes owed by the estate.

The estate contained stock in two separate closely held corporations ("Willits Stock" and "Savings Stock"). On the estate tax return, filed in 1992, the Willits stock was valued at $485 per share and the Savings stock at $181.50 per share. The executor was authorized to sell a certain portion of this stock (500 shares of Willits stock and 2800 shares of Savings stock) in order to pay applicable estate taxes. The Willits Stock sold for $850 per share and the Savings Stock sold for $335 per share, considerably higher than their reported value.

Under 26 U.S.C. § 1014(a)(1), the declared value of the stock was used as a basis for determining the gain from their sale.[1] Consistent with this statutory requirement, the difference between the stock's reported value and its sale value (approximately $600,000) was reported as a capital gain on the estate tax return. The estate did not pay taxes on this gain, but rather distributed it immediately to March, the residuary beneficiary. March then declared this money as a capital gain on her 1992 income tax return. Under § 1014, March was also required to use the stock value declared on the estate tax return for the purpose of determining her capital gain from the sale. Consequently, she declared a capital gain of approximately $600,000, and paid the taxes due.

In 1995, the Commissioner determined a deficiency on Appellee's estate tax return. The basis of this deficiency was the Commissioner's conclusion that the Willits and Savings stocks were worth substantially more than the estate declared. After Appellee contested the Commissioner's notice of deficiency, the Tax Court concluded that the Willits Stock was worth $626 per share and the Savings Stock was worth $276 per share. The revaluation of the stock led to an estate tax deficiency. Since, pursuant to § 1014, the same valuation was used to determine March's 1992 income tax liability, it necessarily followed that March had overpaid her income taxes in 1992.[2]

---

1. 26 U.S.C. § 1014(a)(1) provides that "the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passes from a decedent

shall ... be the fair market value of the property at the date of the decedent's death."

2. The capital gain reported on March's income tax was determined by subtracting the

Both the Commissioner and the Estate agree that the revaluation of the estate's stock led to both an estate tax deficiency and an income tax overpayment in the 1992 tax year. The ultimate determination of the existence and amount of the estate tax deficiency was decided by the Tax Court in July 1999, long after the statute of limitations had run on a claim for refund of the income tax overpayment. However, the initial notice of estate tax deficiency was issued in March 1995, over a year before the statute of limitations for a refund of the overpaid income tax had run.

March, however, failed to file a refund claim for her 1992 income tax overpayment within the applicable limitations period. Instead, she asked that her income tax overpayment be credited against the estate tax deficiency adjudicated in the Tax Court. The Tax Court agreed and this appeal followed.

# I

## Standard of Review

■■■ Whether the Tax Court has authority to apply the doctrine of equitable recoupment is a jurisdictional determination subject to de novo review. *I & O Pub. Co. Inc. v. Comm'r*, 131 F.3d 1314, 1315 (9th Cir.1997); *Estate of Mueller v. Comm'r*, 153 F.3d 302, 304 (6th Cir.1998). The Tax Court's application of the law to undisputed facts is reviewed de novo. *Pac. First Fed. Sav. Bank v. Comm'r*, 961 F.2d 800, 803 (9th Cir.1992).

# II

## Jurisdiction

■■■ In deciding whether the Tax Court has jurisdiction to apply the doc-trine of equitable recoupment in this circumstance, we start by stating certain principles that are well-established and not in dispute. First, the Tax Court, like any federal court, is a court of limited jurisdiction. "Federal courts ... possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The statute conferring subject matter jurisdiction on the Tax Court is Title 26 of the United States Code. 26 U.S.C. § 7442. The Tax Court's jurisdiction is defined and limited by Title 26 and it may not use general equitable powers to expand its jurisdictional grant beyond this limited Congressional authorization. It may exercise its authority only within its statutorily defined sphere. *Comm'r v. McCoy*, 484 U.S. 3, 7, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987) (Tax Court "lacks general equitable powers"); *Kelley v. Comm'r*, 45 F.3d 348, 351 (9th Cir.1995) (Tax Court is an "Article I court designed to handle cases of a specialized nature").

■■■ Within that sphere, however, "the Tax Court exercises its judicial power in much the same way as the federal district courts exercise theirs." *Freytag v. Comm'r*, 501 U.S. 868, 891, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). This includes the authority to apply the full range of equitable principles generally granted to courts that possess judicial powers. "Even if the Tax Court does not have far-reaching general equitable powers, it can apply equitable principles and exercise equitable powers within its own jurisdictional competence." *Estate of Ashman v. Comm'r*, 231 F.3d 541, 545

declared value of the stock sold by the estate ($750,700) from the value realized through sale ($1,363,000) for a capital gain of approximately $600,000. If the actual value is higher than that declared, the capital gain is, consequently, lower—resulting in an overpayment of income tax.

(9th Cir.2000); *See also Kelley*, 45 F.3d at 352 (Tax Court has equitable power to reform agreements between taxpayer and IRS); *Buchine v. Comm'r*, 20 F.3d 173, 178 (5th Cir.1994) (holding that the Tax Court had the authority to apply the "equitable principle of reformation to a case over which it had jurisdiction").

■ Having set forth that which is not in dispute, we come to the issue at the heart of this appeal. Does the Tax Court's statutory grant of authority prevent it from applying the equitable doctrine of recoupment when redetermining an estate tax deficiency? We find the answer to be "no." Consequently, we hold that where, as here, the Tax Court has jurisdiction to redetermine an estate tax deficiency, it may exercise its equitable powers to recoup an income tax overpayment from the same tax year if all the criteria for an equitable recoupment claim are otherwise satisfied.

We first proceed to a brief description of the principles and purposes underlying the doctrine of equitable recoupment. We then examine the statutory authority delimiting the Tax Court's jurisdiction. Finding no conflict between the two, we affirm the Tax Court's exercise of jurisdiction and proceed to determine whether recoupment was properly granted on the facts of this case.

### A. Equitable Recoupment

■ Generally, a party who has paid a tax that was not owed may sue for a refund under 26 U.S.C. § 6511. Refund suits, however, are subject to a strict statute of limitations. 26 U.S.C. § 6511(b)(1); § 6512(b)(3) (no credit or refund is allowed if taxpayer fails to file a refund claim or seek a redetermination in Tax Court within three years of when return was filed); *See also, Comm'r v. Lundy*, 516 U.S. 235, 240, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996).

In some circumstances, a taxpayer may be time barred from seeking a refund of an erroneous tax, but the IRS can still bring a timely suit for payment of the correct tax. In this limited circumstance, the doctrine of "equitable recoupment" may be raised as a defense to the statute of limitations. It is designed to protect a party from paying twice on a single obligation. *Bull v. United States*, 295 U.S. 247, 258, 55 S.Ct. 695, 79 L.Ed. 1421 (1935).

■ Equitable recoupment arises when a single "transaction, item or taxable event" is subject to two inconsistent taxes. *United States v. Dalm*, 494 U.S. 596, 608 n. 5, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *Boyle v. United States*, 355 F.2d 233, 236 (3rd Cir.1965). The doctrine permits a party to a tax dispute to raise a time barred claim in order to reduce or eliminate the money owed on the timely claim. *Rothensies v. Elec. Storage Battery Co.*, 329 U.S. 296, 300, 67 S.Ct. 271, 91 L.Ed. 296 (1946) ("amount of [the] tax collected on the wrong theory should be allowed in recoupment against an assessment on the correct theory"). Equitable recoupment cannot be used offensively to seek a money payment, only defensively to offset an adjudicated deficiency. *Dalm*, 494 U.S. at 611, 110 S.Ct. 1361.

■ Because equitable recoupment has the potential to completely override the statute of limitations, the party raising an equitable recoupment claim must satisfy several criteria. First, the same "transaction, item or taxable event" must be subject to two taxes. Second, the taxes must be inconsistent in that the Tax Code authorizes only a single tax. *See Bull*, 295 U.S. at 256, 55 S.Ct. 695 (same funds cannot be taxed both as an asset of the estate and income to the estate); *Dalm*, 494 U.S. at 596, 110 S.Ct. 1361 (single item cannot be subject to both gift tax and income tax).

Third, the tax sought to be recouped must be time barred. *Stone v. White,* 301 U.S. 532, 538, 57 S.Ct. 851, 81 L.Ed. 1265 (1937); *Kolom v. United States,* 791 F.2d 762, 767 (9th Cir.1986) (*overruled on other grounds, Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990)). Fourth, there must be an "identity of interest" between the parties paying the duplicative tax. *Stone,* 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (trustee who paid erroneous tax has sufficient identity of interest with beneficiary who owed tax deficiency).

■■■ Finally, the court in which the recoupment claim is brought must independently have jurisdiction to adjudicate the claim. Equitable recoupment cannot be the "sole basis of jurisdiction." *Dalm,* 494 U.S. at 608, 110 S.Ct. 1361. It is to this last requirement that we must turn first. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself . . . .") (quoting *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842 (1900)).

### B. *Tax Court Jurisdiction*

■■■ In the present case, the Tax Court had jurisdiction to determine the estate tax deficiency. Its jurisdiction was invoked in the usual way contemplated by the Tax Code. First, the taxpayer estimated the value of closely held stock owned by the estate. This estimated value was included in the corpus of the estate and estate taxes were calculated based on the total value of the estate. A portion of the stock was then sold and the proceeds were used to pay taxes. The difference between the estimated value and the sale value of

the stock was declared as a capital gain and distributed to March, the residuary beneficiary. The Commissioner, upon examination of the estate tax return, determined a deficiency and sent notice of such to the taxpayer pursuant to 26 U.S.C. § 6212. The taxpayer timely petitioned for redetermination of that deficiency in the Tax Court under 26 U.S.C. § 6213. Jurisdiction over the estate tax deficiency was therefore proper.

In redetermining the estate tax deficiency over which it had jurisdiction, the Tax Court was required to value the closed corporation stocks held by the estate. The valuation of those stocks affected not only the tax liability of the estate, but also the tax liability of the estate's beneficiary to whom the gain from the stock sale was distributed. The Tax Court's single determination that the stocks were undervalued led inexorably to the conclusion that Appellee had both underpaid its estate taxes and overpaid its income taxes. The two taxes were inextricably intertwined because they were both based on the valuation of the same asset—the Willits and Savings stock.

The estate, consequently, raised the undisputed fact of the income tax overpayment as an affirmative defense to the finding of an estate tax deficiency. The Tax Court, having original jurisdiction to redetermine the estate tax deficiency, concluded that it also had jurisdiction to give effect to this affirmative defense and reduce the judgment accordingly. The Tax Court viewed its actions as only "considering such facts with relation to the share value included in both corpus and income so that this item may be examined in all its aspects, as is necessary to correctly redetermine the amount of the estate tax deficiency now before us." *See Naftel v. Comm'r,* 85 T.C. 527, 533, 1985 WL 15396 (1985) (jurisdiction to determine a deficien-

cy "extends to the entire subject matter of the correct tax for the taxable year"); *Bartels v. Comm'r,* 106 T.C. 430, 435, 1996 WL 310360 (1996) (deficiency jurisdiction confers authority to consider defense of recoupment).

If this case had arisen in the district court, which shares with the Tax Court jurisdiction over federal tax cases, there is no question that Appellee could have raised the defense of equitable recoupment to reduce the estate tax deficiency. *Dalm,* 494 U.S. at 610, 110 S.Ct. 1361 (equitable recoupment defense may be raised in timely refund suit); *Parker v. United States,* 110 F.3d 678 (9th Cir.1997) (considering merits of equitable recoupment defense raised in the district court).

As noted above, the Tax Court, within its specialized jurisdiction, "operates pretty indistinguishably from a federal district court." *Flight Attendants Against UAL Offset (FAAUO) v. Comm'r,* 165 F.3d 572, 578 (7th Cir.1999) (citing *Freytag, supra,* at 891, 111 S.Ct. 2631). The Commissioner argues, however, that the presumed equivalence in the authority of the two courts does not apply in this circumstance. To rebut this presumption, however, the Commissioner must find specific support in the provisions of the Tax Code, for we are in agreement with the Seventh Circuit that "the overlap between the district courts' jurisdiction over refund suits and the Tax Court's jurisdiction over deficiency suits … makes it anomalous and confusing to multiply distinctions between the doctrines applied by the two types of court." *FAAUO,* 165 F.3d at 578.

More than simply "anomalous," such a distinction would, in practice, work substantial prejudice against less affluent taxpayers. This is so because, although a taxpayer has a choice of fora in which he or she may dispute a notice of deficiency, only in the Tax Court may the taxpayer contest the Commissioner's determination without first paying the amount in dispute. *Flora v. United States,* 362 U.S. 145, 175, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (taxpayers must pay assessment before bringing refund suit in district court, but may "appeal the deficiency to the Tax Court without paying a cent"). For this reason, the Tax Court is the preferred forum for taxpayers who dispute a tax assessment. The Tax Code, moreover, encourages the concentration of tax disputes in the Tax Court, rather than the district court, by offering finality to litigants who elect to bring their claims in this specialized forum. *Woods v. Comm'r,* 92 T.C. 776, 788–789, 1989 WL 32907 (1989) ("The combined effect of [26 U.S.C. §§ 7422(e), 6512(a), and 7481] is to channel tax litigation in the Tax Court, to make our decisions binding, and to preclude relitigation of the same issues in another forum.").

A limitation on the equitable doctrines available in the Tax Court would undermine both the taxpayer's ability to choose to litigate in the Tax Court and the government's effort to channel litigation into this forum. In *Bokum v. Comm'r,* 992 F.2d 1136 (11th Cir.1993), the Eleventh Circuit refused to impose such a limit on the Tax Court's jurisdiction. In rejecting the Commissioner's contention that the Tax Court lacks jurisdiction to entertain a defense based on equitable estoppel, that court held:

> If the Tax Court lacked authority to entertain a claim of equitable estoppel, taxpayers with such a claim would no longer have a choice of fora for their tax issues. They would effectively be forced to pay their taxes and sue for a refund, submitting all of their claims to the district courts…. Thus, taxpayers would essentially be denied the right to challenge deficiencies in the Tax Court if they wanted to assert an equitable es-

toppel claim. This would be an unfair choice to pose to taxpayers, and would undermine the purpose of the Tax Court. We therefore conclude that the Tax Court did have jurisdiction over the Bokums' equitable estoppel claim. *Bokum,* 992 F.2d at 1140–1141. The same "unfair choice" results from restricting the Tax Court's jurisdiction over equitable recoupment claims.

■■■■■■ We recognize, of course, that neither anomalous nor unfair results can negate express statutory directives. *Lundy,* 516 U.S. at 252, 116 S.Ct. 647 (distinction between rules that apply in Tax Court as opposed to district court are compelled by statutory language). Particularly where the Tax Code is at issue, it is the dictates of statute, not of conscience that must control. "There exists no statute or principle in tax law that requires either, for example, a 'decennial' or 'lifetime' adjustment of taxes requiring either refunds or additional taxes as a result of a harmonious and consistent application of taxes throughout the selected time frame." *Harrah v. United States,* 77 F.3d 1122, 1125 (9th Cir.1995). We turn, therefore, to the Tax Code in search of some congressional indication that equitable recoupment is beyond the jurisdiction of the Tax Court. We find none.

### 1. *Statutory Provisions*

■■■■ For the proposition that the Tax Court lacks jurisdiction to consider an equitable recoupment defense, the Commissioner directs us to Sections 6214(b)[3] and 6512(b)[4] of the Tax Code. The Commissioner argues that, taken together, these sections "explicitly confer on the Tax Court jurisdiction to do no more than determine the amount of the deficiency before it." *Mueller v. Comm'r,* 153 F.3d at 305.

In carrying out this function, the Commissioner argues, the Tax Court may not determine a deficiency or overpayment for any tax not presented by an IRS notice of deficiency and disputed by the taxpayer. Because an equitable recoupment defense inherently requires the Tax Court to determine that the time-barred tax was overpaid, §§ 6214(b) and 6512(b) put equitable recoupment beyond the jurisdiction of the Tax Court.

We disagree with the Commissioner's assessment of these statutory provisions and find nothing in the cited statutes that prevents the Tax Court from considering

**3.** 26 U.S.C. § 6214 Determination by the Tax Court

> (b) Jurisdiction over other years and quarters. The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.

**4.** 26 U.S.C. § 6512 Limitations in case of petition to Tax Court

> (b) Overpayment determined by Tax Court.

> (1) Jurisdiction to determine.... [I]f the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

the defense of equitable recoupment in this case. First, Section 6214(b), entitled "Jurisdiction over other years and quarters," cannot limit the Tax Court's jurisdiction in this case because Appellee's estate tax deficiency and consequent income tax overpayment were both paid in the same tax year. In addition, § 6214(b), by its terms, applies only when the Tax Court is engaged in a redetermination of an income or gift tax deficiency. It is simply not applicable where, as here, the Tax Court's jurisdiction is invoked to redetermine an estate tax deficiency. We therefore find that § 6214(b) does not bar the application of equitable recoupment in this case.

Nor does Section 6512(b) prevent the Tax Court from using Appellee's income tax overpayment to reduce its estate tax deficiency. That section of the Code provides that when the Tax Court has jurisdiction to determine a deficiency, it also has jurisdiction to determine an "overpayment of income tax for the same taxable year" and order that any overpayment be "credited or refunded to the taxpayer." 26 U.S.C. § 6512(b)(1). In other words, where the jurisdiction of the Tax Court is properly invoked (as it was here), Section 6512(b) gives the Tax Court exclusive jurisdiction to determine not only whether the "deficiency was correct, but also whether a taxpayer's claim that he has overpaid is correct." *Naftel*, 85 T.C. at 531.

We have previously observed that § 6512(b) (read together with the exclusivity provisions of the code, *See* 26 U.S.C. 7422(e)) gives the Tax Court "jurisdiction to decide the entire gamut of possible issues that [control] the determination of the amount of tax liability for the year in question." *Russell v. United States*, 592 F.2d 1069, 1072 (9th Cir.1979). It is this authority that the Tax Court exercised in the present case. It did not determine that there was an income tax overpayment in a prior period—an undertaking forbidden by § 6214(b). Such a determination was not required because equitable recoupment is, in essence, a defense to the statute of limitations raised as part of the estate tax deficiency proceeding. *See Bull*, 295 U.S. at 262, 55 S.Ct. 695 ("[R]ecoupment is in the nature of a defense.... Such a defense is never barred by the statute of limitations so long as the main action itself is timely.").

After an examination of the relevant sections of the Tax Code, "[w]e are given no reason to suppose that statutes of limitations are intended to be administered differently in the Tax Court than in the federal district courts...." *FAAUO*, 165 F.3d at 578. The Tax Court therefore had jurisdiction to examine the estate tax deficiency "in all its aspects" so as to correctly redetermine the amount of the deficiency for the 1992 tax year. *Rothensies v. Elec. Storage Battery Co.*, 329 U.S. at 299.[5]

---

5. Our reading of the relevant jurisdictional statutes differs somewhat from the Sixth Circuit's reading of the same provisions. In *Estate of Mueller v. Comm'r, supra*, the Sixth Circuit held that the Tax Court does not have jurisdiction to consider a taxpayer's equitable recoupment claim. That court read §§ 6214(b) and 6512(b) as restricting the Tax Court's jurisdiction to recoup an overpayment to situations where "the overpayment concerns the same kind of tax and, as to income and gift taxes, only if it was paid in the same year." *Mueller*, 153 F.3d at 305. Thus, because the taxpayer in *Mueller* (like the taxpay-

er here) sought recoupment of an income tax overpayment from an estate tax deficiency, the Sixth Circuit held that the Tax Court was without jurisdiction to consider this claim.

We also note, however, that in *Mueller* the taxpayer sought recoupment of an income tax overpayment that was made in a different tax year from the estate tax deficiency before the Tax Court. *Id.* at 302 (redetermination of value of stock created an overpayment "in a previous year"). We have no occasion to pass upon the question whether the Tax Court would have jurisdiction to consider an equita-

## 2. *Gooch Milling*

We also reject the Commissioner's contention that our reading of the Tax Code is foreclosed by the Supreme Court's decision in *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943). In *Gooch Milling*, an audit of respondent company's books revealed an erroneous valuation of its inventory. Because of this error, respondent had overpaid its income taxes for 1935. The same erroneous valuation of the same inventory led the Commissioner to determine that Gooch Milling had also underpaid its taxes for 1936.[6] Respondent was barred by the statute of limitations from seeking a refund of its overpayment. The Commissioner, however, was not barred from issuing a notice of deficiency for the 1936 underpayment. Respondent appealed this notice to the Board of Tax Appeals (the precursor of the Tax Court), arguing that the 1935 overpayment should be "applied as an offset or recoupment against the 1936 deficiency." *Gooch Milling*, 320 U.S. at 419, 64 S.Ct. 184.

The Court held that the Board of Tax Appeals had no jurisdiction to credit the 1935 overpayment against the 1936 deficiency. In reaching this conclusion, the Court relied primarily on Section 272(g) of the Internal Revenue Code of 1939 (later amended and redesignated as Section 6214(b) of the present Code). The Court held that the legislative grant of jurisdiction presently codified in Section 6214(b) "confined [the Board] to a determination of the amount of deficiency or overpayment for the particular tax year as to which the Commissioner determines a deficiency and as to which the taxpayer seeks a review of the deficiency assessment." *Id.* That section specifically prohibited the Board from determining whether a tax for a previous tax year had been overpaid. Because Respondent's equitable recoupment defense "necessarily involved a determination of whether there was an overpayment during the 1935 fiscal year," the Board was without jurisdiction to give effect to this defense. *Id.*

The Commissioner argues that *Gooch Milling* stands for the broad proposition that the Tax Court is without jurisdiction to apply the doctrine of equitable recoupment. Just as the Board of Tax Appeals

---

ble recoupment claim where the tax sought to be recouped was from a previous tax year.

**6.** In *Gooch Milling*, the taxpayer had originally reported a net loss for the 1936 tax year. However, when the Commissioner adjusted the value of the company's 1936 opening inventory (by reducing its value by $237,104.33), respondent showed a net income of $93,828.83 with a tax liability of $14,951.85. *Gooch Milling & Elevator Co. v. Comm'r*, 133 F.2d 131, 133 (8th Cir.1943) (*overruled on other grounds Gooch Milling & Elevator Co.*, 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943)).

This adjustment in the valuation of the inventory also affected respondent's 1935 tax liability because Gooch Milling's 1936 opening inventory was identical to its 1935 closing inventory. "The inventory serves a double purpose. It fixes stock on hand at the end of one fiscal year and at the same time determines the same fact for the beginning of the ensuing year." *Id.* at 135. The valuations of the two should have been the same.

Applying the $237,104.33 reduction to the 1935 closing inventory would have resulted in a reduced income for the 1935 tax year and a consequent reduction in Gooch Milling's 1935 tax burden. Because Gooch Milling had already paid its 1935 taxes based on the erroneous inventory valuation (and, consequently, based on an inflated income determination), it had overpaid its income taxes for that year. "The adjustment of the beginning inventory for the 1936 taxable year automatically changed the 1935 closing inventory and established the error in the basis for computing the 1935 tax." *Id.* at 134; *Id.* at 135 ("The same fact that established a deficiency for the fiscal year 1936 establishes an overpayment for the fiscal year 1935...").

could not offset a 1935 overpayment against a 1936 deficiency in *Gooch Milling,* the Commissioner argues that the Tax Court may not offset March's income tax overpayment against a separate estate tax deficiency.

*Gooch Milling* is distinguishable from the present appeal for several reasons. First, *Gooch Milling* involved an appeal from the Board of Tax Appeals, an administrative agency of the executive branch, rather than the Tax Court, an Article I court. The Tax Court's authority to apply equitable doctrines, *see supra,* differentiates it "from its predecessor, the Board of Tax Appeals, which was held not to be a court and to have no equitable powers." *Toscano v. Comm'r,* 441 F.2d 930, 933 (9th Cir.1971). Of more importance is that the facts of *Gooch Milling* differ from those in this case. In *Gooch Milling,* the taxpayer sought to recoup a prior year's income tax overpayment against a separate income tax deficiency. In this case, the taxpayer seeks to apply an income tax overpayment against an estate tax deficiency, both of which occurred in the same year.

These differences are significant because, as noted above, 26 U.S.C. § 6214(b) only prohibits the Tax Court from determining whether taxes in other years have been overpaid or underpaid. It says nothing about determining overpayments of other taxes from the same year. "A careful reading of the *Gooch Milling* opinion, and of the relevant statute ... show[s] that it actually considered only the question of recoupment based on an overpayment in a year other than the year in dispute." *Dalm,* 494 U.S. at 615 n. 3, 110 S.Ct. 1361 (Stevens, J. dissenting). Moreover, this section of the Code applies only

when the Tax Court is determining a deficiency in income or gift taxes. It does not apply in estate tax cases. Our holding today, affirming the Tax Court's exercise of equitable recoupment jurisdiction in this case, is not foreclosed by *Gooch Milling.*

## III

### Recoupment

Having concluded that the Tax Court had jurisdiction to consider an equitable recoupment defense, we must also determine whether the Tax Court erred in using March's income tax overpayment to satisfy the estate tax deficiency in this case. As noted above, a party raising an equitable recoupment defense must satisfy four criteria.[7] In the present case, the Commissioner concedes that refund of the income tax overpayment is time-barred, and, further concedes that there is an identity of interest between the estate's beneficiary and the estate subject to the estate tax deficiency. The Commissioner argues, however, that the two taxes do not satisfy the "same transaction" test and, therefore, were not treated inconsistently under the Code.

We hold that the Tax Court properly applied the doctrine in this case.

### A. Same "transaction, item or taxable event"

▄▄▄ In arguing that the estate tax and income tax at issue in this appeal were not a single transaction, the Commissioner relies on *Rothensies v. Elec. Storage Battery Co.,* 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946). In *Rothensies,* the Supreme Court refused to allow recoupment of overpaid excise taxes to satisfy an income tax

---

7. *See supra* Section III(A). Equitable recoupment arises when 1) the same "transaction, item or taxable event" is subject to two taxes; 2) the taxes are inconsistent; 3) refund of the erroneous tax is time-barred and; 4) there is an "identity of interest" between the party who paid the erroneous tax and the party seeking recoupment.

deficiency. In that case, the excise taxes had been paid over 20 years earlier and their recovery had been barred by the statute of limitations for 16 years. The length of time between the overpaid and underpaid taxes in Rothensies illustrated how recoupment of separate overpayments from an income tax deficiency could result in reviving overpayment claims many years after the limitations period had expired. *Id.* at 302, 67 S.Ct. 271. The Court refused to expand the equitable recoupment doctrine in this manner. It reaffirmed that recoupment was permissible only when a "single transaction" constituted the taxable event claimed upon and the one considered in recoupment and held that the excise tax overpayments and the income tax deficiency at issue in *Rothensies* did not satisfy this standard. *Rothensies,* 329 U.S. at 299, 67 S.Ct. 271.

Subsequent to *Rothensies,* the Fourth Circuit decided *United States v. Herring,* 240 F.2d 225 (4th Cir.1957) and this court decided *United States v. Bowcut,* 287 F.2d 654 (9th Cir.1961). In *Herring,* the Fourth Circuit allowed recoupment of a barred estate tax overpayment against a pre-death income tax deficiency of the decedent. The government's argument was that recoupment was not allowable because, rather than a single transaction, two distinct taxes involving distinct taxable events were involved: an income tax deficiency incurred by the decedent prior to his death and a separate estate tax overpayment paid by the estate within nine months of the decedent's death. However, there was an interrelationship between the two taxes. The deficiency in

the pre-death income tax reduced the size of the estate and, consequently, diminished the amount owed in estate taxes. This interrelationship led the court to hold that the overpayment and deficiency were a "single transaction" for the purpose of applying equitable recoupment. "The Government has asserted two claims against the monies of estate that came into the hands of the administratrix ... and it is impossible to determine the amount of the latter without making due allowance for the deduction caused by the former." *Herring,* 240 F.2d at 228.

In *Bowcut,* we affirmed the district court's grant of equitable recoupment in circumstances identical to those faced by the Fourth Circuit in *Herring.* Our decision in *Bowcut* did not directly address whether the two taxes satisfied the single transaction test, but we did note that the taxpayer was "seeking to recover the over-assessment of estate tax by recoupment from the very fund which, taken from the estate, had brought about the fact of over-assessment." *Bowcut,* 287 F.2d at 656. Thus, although we were not "called upon to discuss or pass judgment on [the] question" whether the two taxes constituted a single transaction, we affirmed the district court, which had rejected the government's argument that the single transaction test was not met. *Bowcut,* 287 F.2d at 657 n. 1.[8]

The Commissioner understandably argues that *Herring* and *Bowcut* "represent the outer limit to which the 'single transaction' prerequisite for equitable recoupment can be stretched."[9] But the holdings of

---

8. *Bowcut,* furthermore, has been widely interpreted as approving the "single transaction" test first articulated in *Herring. Cf. Wilmington Trust Co. v. United States,* 1979 WL 3928, 20 (Ct.Cl. Trial Div.) (referring to the equitable recoupment rule as applied in *Herring* and *Bowcut* ); *In re Carter,* 125 B.R. 832, 836 (Bankr.D.Kan.1991) (same); *Wilmington*

*Trust Co. v. United States,* 221 Ct.Cl. 686, 610 F.2d 703, 713 (1979) (describing holding of *Herring* and *Bowcut* as the same).

9. The Commissioner has nevertheless adopted the *Herring/Bowcut* holdings in its own administrative procedures. Under Rev. Rul.

these cases need not be "stretched" any further to accommodate the facts of this case. In *Herring* and *Bowcut*, as in this case, a single "item" or fund was subject to two inconsistent taxes because it was simultaneously treated as both an asset of the estate and income to an individual. *See also United States v. Dalm*, 494 U.S. at 608 n. 5, 110 S.Ct. 1361 (recoupment appropriate where single "transaction, item, or taxable event" subject to inconsistent taxes). *Herring* and *Bowcut* make clear that an estate tax overpayment may be used to satisfy an income tax deficiency where there is a sufficient statutory interrelationship between the overpaid and underpaid taxes. In both cases, as here, the conclusion that the time-barred tax was overpaid automatically arose from the Tax Court's finding of a deficiency in the disputed tax.

■ Therefore, we hold that the "single transaction" prerequisite to equitable recoupment is satisfied where the same item (the closed corporation stock) is taxed as both the corpus of the estate and income to the beneficiary. The government should not be permitted to reap the benefit of the higher valuation when collecting the estate tax and, simultaneously, reap the benefit of the lower valuation when collecting the beneficiary's income tax.

This holding is consistent with the decisions of other circuits. In *O'Brien v. United States*, 766 F.2d 1038 (7th Cir. 1985), for example, a taxpayer sought refund of an income tax overpayment after a separate estate tax deficiency proceeding determined that the stock valuation on which the income tax payment was based was improper. The court rejected this claim, holding that it was not recoupment the taxpayer was seeking, but rather a cash refund from the Commissioner. "Attempts by taxpayers to utilize the doctrine to revive an untimely affirmative refund claim, as opposed to offset a timely government claim of deficiency ... have been uniformly rejected." *O'Brien*, 766 F.2d at 1049.

However, in dicta, the court noted that "the 'single transaction' test ... appears to be satisfied on these facts ... [because] inconsistent treatment of the same stock (in terms of valuation) has directly resulted in the overpayment of tax by the beneficiaries." *Id.* at 1051 n. 16; *See also Boyle*, 355 F.2d at 233 (equitable recoupment of overpaid estate taxes permitted where specific fund treated as both asset of the estate and income to the beneficiaries); *Estate of Vitt v. United States*, 706 F.2d 871 (8th Cir.1983) (decedent's life estate a single item and taxpayer is entitled to recoupment for inconsistent valuation rendered a decade earlier); *But cf. Wil-*

71–56, it is the IRS's view that an estate tax overpayment may be equitably recouped from an assessed deficiency when the overpayment automatically results from a finding of a pre-death income tax underpayment. If payment of the income tax deficiency would reduce the size of the estate and, consequently, lower the estate tax owed, the·overpaid estate tax may be recouped from the underpaid income tax.

This ruling resulted from the Commissioner's interpretation of *Herring, Bowcut* and other Circuit Court decisions. "Based on the availability of such legal defense, it would be proper for the taxpayer to claim in a proceeding before the Internal Revenue Service ap-

propriate reduction in the deficiency, rather than be required to assert the claim of equitable recoupment in the Federal courts." Rev. Rul. 71–56. This rule, moreover, has been applied broadly to permit recoupment of gift taxes from estate taxes, income taxes from excise taxes, and income taxes from estate taxes where the relation between the taxes is statutorily mandated. Arthur W. Andrews, *Modern–Day Equitable Recoupment and the "Two Tax Effect": Avoidance of the Statutes of Limitation in Federal Tax Controversies*, 28 Ariz. L.Rev. 595, 637 (1986) (citing cases decided under Rev. Rul. 71–56).

*mington Trust Co. v. United States,* 221 Ct.Cl. 686, 610 F.2d 703 (Ct.Cl.1979) (government could not offset estate tax underpayment against income tax refund).

In short, the weight of Circuit court case law (and the IRS's own rulings) support a finding that the estate's tax deficiency and the beneficiary's income tax overpayment were a single transaction for equitable recoupment purposes. The deficiency and overpayment resulted from separate valuations of a single item (the Willits and Savings stock). The declared value of the item was increased in a Tax Court proceeding, resulting in an estate tax deficiency. The lower, erroneous value, however, had also been used (as required by 26 U.S.C. § 1014) to determine Appellee's income tax liability. The interrelationship between the taxes is such that the inconsistent treatment of the same funds automatically resulted in double taxation and an unjust windfall to the government.

### B. *Appellee's Lack of Diligence*

■ Appellee received notice of the estate tax deficiency in March 1995. The statute of limitations for a refund of March's income tax did not expire until April 1996. Upon receipt of the notice of deficiency, March still had thirteen months to file a protective claim for a refund, yet she failed to take advantage of this opportunity. The Commissioner argues that March's lack of diligence in pursuing the refund claim renders her undeserving of the equitable remedy of recoupment.

A similar argument was raised by the government in *United States v. Bowcut,* 287 F.2d at 657. In *Bowcut,* the taxpayer was notified of an income tax deficiency five weeks before the statute of limitations for seeking a refund of her estate tax overpayment expired. The government argued that the taxpayer's "lack of diligence in seeking refund of the estate tax"

should prevent a subsequent equitable recoupment claim. *Id.* The court rejected this argument. Relying on *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, the court held: "It is apparently not the diligence of the taxpayer as to his legal rights which controls, but rather the inequity of holding that, while the government's rights under a transaction continue unimpaired, its adversary's rights thereunder are barred by limitations." *Bowcut,* 287 F.2d at 657; *See also Holzer v. U.S.,* 250 F.Supp. 875, 878 (E.D.Wis.) aff'd. per curiam, 367 F.2d 822 (7th Cir.1966) ("laches is not a defense to a claim for equitable recoupment"); *Teco Inv., Inc. v. Taxation and Revenue Dep't of the State of N.M.,* 125 N.M. 103, 957 P.2d 532, 537 (Ct.App. 1998) (additional equitable considerations cannot be used "to trump the ... elements of the test and deny equitable relief").

Recognizing that *Bull* and *Bowcut* are controlling on this point, the Commissioner argues that Appellee's negligence in this case was more egregious than previous taxpayers who have successfully raised an equitable recoupment defense. Appellee disputes this point. Resolution of this question, however, does not depend on whether Appellee was more or less negligent than previous taxpayers.

Even under a narrow reading of *Bowcut,* a taxpayer who was on notice of a possible overpayment five weeks before the expiration of the statute of limitations, yet failed to file a timely claim, could recoup that overpayment from an income tax deficiency. We find no principled distinction between *Bowcut* and the facts of the present case. It is true that the taxpayer here had thirteen months, rather than five weeks, to file a protective claim for a refund. However, we are unable to divine when a taxpayer's lack of diligence would "cross the line" from excusable to legally significant. The Commissioner offers no judicially cog-

nizable standard to resolve this dilemma and the rationale of *Bowcut* suggests that such a line should not be drawn.

## IV

### Conclusion

The Tax Court properly considered and correctly applied the doctrine of equitable recoupment in this case. The Tax Court has the authority to apply equitable doctrines in cases subject to its jurisdiction. As the estate tax deficiency was properly before that court, it was required to consider that deficiency in its totality. This required consideration of the affirmative defense of equitable recoupment. No provision of the Tax Code prevents the Tax Court from exercising this power. In addition, the estate satisfied all the criteria necessary to recoup its time barred overpayment from the adjudicated estate tax deficiency.

The judgment of the Tax Court is affirmed.