T.C. Summary Opinion 2003-63

UNITED STATES TAX COURT

FRANK R. SANCHEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4075-01S.                    Filed May 28, 2003.

Frank R. Sanchez, pro se.

<u>David C. Holtz</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,019 and an addition to tax of $504.75 pursuant to section 6651(a) in petitioner's Federal income tax for the taxable year 1995.

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Long Beach, California.

In the notice of deficiency, respondent determined that petitioner: (1) Was not entitled to a claimed $23,039 net operating loss (NOL) deduction; (2) was not entitled to deduct a total of $2,990 of subcontractor expense claimed on four separate Schedules C, Profit or Loss From Business; (3) was entitled to a $40 deduction in arriving at adjusted gross income for one-half of the increased self-employment tax resulting from the disallowed Schedules C expenses; and (4) was subject to an addition to tax pursuant to section 6651(a) for failure to file his 1995 tax return by the prescribed due date.

Petitioner filed his petition with this Court requesting a redetermination of the 1995 and 1987 tax years. Respondent subsequently filed a Motion to Dismiss for Lack of Jurisdiction and Strike as to the Taxable Year 1987. By order, on August 6, 2001, this Court granted respondent's motion dismissing the 1987 taxable year for lack of jurisdiction because no notice of deficiency was issued for that taxable year. However, the order

stated that, pursuant to section 6214(b), the Court may take into account facts pertaining to 1987 to correctly redetermine the tax for the taxable year 1995.

In the stipulation of facts, petitioner conceded that for the 1995 tax year: (1) He was not entitled to the $23,039 NOL deduction claimed; (2) he was not entitled to the $2,990 of claimed Schedules C expenses; and (3) he was liable for the addition to tax of $504.75 pursuant to section 6651(a).

The parties stipulated that all issues not specifically addressed in the stipulation of facts would be resolved in accordance with the notice of deficiency. Accordingly, although not specifically addressed in the stipulation of facts, petitioner is allowed the $40 deduction for one-half of the increased self-employment tax resulting from the disallowance of Schedules C expenses claimed on his 1995 tax return.

The only remaining issues for decision are: (1) Whether petitioner is entitled to an adjustment pursuant to sections 1311 through 1314 to reflect a carryback of a 1990 tax year NOL to the tax year 1987; and (2) in the alternative, whether petitioner is entitled to equitable recoupment relief related to the carryback of a 1990 tax year NOL to the tax year 1987.

Petitioner claimed, on his 1995 tax return, a $23,039 NOL carryforward deduction generated in 1990. Instead of a carryback of the NOL generated in 1990 to the 1987 tax year as allowed

pursuant to section 172(b)(1)(A)(i), petitioner claimed the 1990 NOL as a carryforward deduction only. However, in his 1990 tax return, petitioner failed to make the election to waive the carryback provision required to forgo the carryback. See sec. 172(b)(3). By failing to make this election with his 1990 tax return, petitioner is not entitled to the $23,039 NOL deduction generated in 1990 and claimed on his 1995 tax return, as he has conceded.

After being informed of the error, petitioner, on July 13, 2001, filed an amended tax return for the 1987 tax year claiming a refund attributable to the 1990 error of failing to carryback the NOL to 1987. However, respondent determined that the period of limitations for filing the 1987 amended tax return to claim a refund attributable to the 1990 NOL carryback had expired on October 15, 1994. Thus, respondent denied the 1987 refund claim.

Petitioner contends that the mitigation provisions of sections 1311 through 1314 apply because (1) respondent's determination to disallow the NOL deduction claimed on the 1995 tax return, and (2) respondent's refusal to correct the error by allowing the NOL carryback to 1987, constitute a double disallowance of a deduction pursuant to section 1312(4).

The mitigation provisions, sections 1311 through 1314, were designed to palliate the effect of the period of limitations in certain meticulously and narrowly defined situations. Bradford

v. Commissioner, 34 T.C. 1051, 1054 (1960). In those situations, the mitigation provisions preclude the Commissioner or a taxpayer from taking a position that is inconsistent with an earlier year's position and then seeking refuge behind the period of limitations that otherwise prevents an adjustment to the earlier year. S. Rept. 1567, 75th Cong., 3d Sess. (1938), 1939-1 C.B. (Part 2) 779, 815. If the requirements allowing mitigation are met, a year closed by the statute of limitations can be reopened for the limited purposes of the mitigation sections. Farmer v. Commissioner, T.C. Memo. 1998-327.

The mitigation provisions were drafted with great precision and care. Bolten v. Commissioner, 95 T.C. 397, 403 (1990). The relief available under the mitigation provisions is limited, and the statutory provisions do not purport to permit the correction of all errors and inequities. Fong v. Commissioner, T.C. Memo. 1998-181.

In this case, for mitigation to apply, we would have to reopen the 1987 tax year in order to carry back the 1990 NOL. However, respondent determined a deficiency for the 1995 tax year, not the 1987 tax year. Although petitioner petitioned this Court for a review of both the 1995 and 1987 tax years, this Court granted respondent's motion to dismiss the 1987 tax year for lack of jurisdiction. Accordingly, we have jurisdiction only to redetermine the 1995 tax year. Since the mitigation

provisions do not apply to 1995, we lack jurisdiction to redetermine petitioner's income tax liability for 1987.  See sec. 6214(b); Farmer v. Commissioner, supra.

In the alternative, petitioner argues that he is entitled to relief from the error under the theory of equitable recoupment. The Court of Appeals for the Ninth Circuit, the circuit in which an appeal in this case would lie if this case were appealable, has held that the Tax Court has the authority to apply equitable recoupment in cases subject to the Tax Court's jurisdiction. Estate of Branson v. Commissioner, 264 F.3d 904, 919 (9th Cir. 2001), affg. 113 T.C. 6 (1999).

Equitable recoupment may apply in certain circumstances to overcome the bar of the statute of limitations.  "[A] claim of equitable recoupment will lie only where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories."  United States v. Dalm, 494 U.S. 596, 605 n.5 (1990).  Here, there are no inconsistent theories of taxation involved.  "If an NOL is claimed in the wrong year, it is not allowable, and that is respondent's consistent position."  Farmer v. Commissioner, supra.  Accordingly, there is no basis for petitioner's equitable recoupment claim.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.