T.C. Memo. 2006-175

UNITED STATES TAX COURT

DIANA STROUD, Petitioner, AND THOMAS M. STROUD, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1116-05.               Filed August 22, 2006.

<u>Cruz Saavedra</u>, for petitioner.

Thomas M. Stroud, pro se.

<u>Michael R. Skutley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether this
Court has jurisdiction pursuant to section 6015(e),[1] to decide
whether Diana Stroud (petitioner) is entitled to relief from

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.

joint Federal income tax liabilities relating to 1994 and 1996, and if so, whether respondent abused his discretion in denying petitioner a refund relating to 1994 and 1996.

FINDINGS OF FACT

On November 8, 1978, Thomas and Diana Stroud were married. On May 19, 1980, Mr. and Mrs. Stroud created the Stroud Family Trust (trust) in which they were the cotrustors, cotrustees, and cobeneficiaries. On June 29, 1981, Mr. and Mrs. Stroud conveyed their residence, located at 3856 Montego Drive, Huntington Beach, California (residence), to the trust.

On or about October 19, 1995, Mr. and Mrs. Stroud filed a joint Federal income tax return relating to 1994 in which they reported, but failed to pay, a $36,543 tax liability. On November 20, 1995, respondent assessed the $36,543 liability but did not issue a notice of deficiency. On June 21, 1996, respondent filed a notice of Federal tax lien, relating to the 1994 liability, against the residence.

On April 15, 1997, Mr. and Mrs. Stroud filed a joint Federal income tax return relating to 1996 in which they reported, but again failed to pay, a $48,939 tax liability. On June 9, 1997, respondent assessed the $48,939 liability, but did not issue a notice of deficiency. On December 4, 1997, respondent filed a notice of Federal tax lien, relating to the 1996 liability, against the residence.

On October 31, 1999, Mr. and Mrs. Stroud separated and commenced dissolution proceedings. On July 21, 2000, petitioner, pursuant to section 6015(f), filed a Form 8857, Request for Innocent Spouse Relief, for joint income tax liabilities relating to 1994 and 1996 through 1998. In October of 2000, Mr. and Mrs. Stroud sold the residence and paid their 1994 and 1996 tax liabilities.

On March 25, 2002, respondent granted petitioner's request for innocent spouse relief relating to 1994 and 1996 but denied her relief relating to 1997 and 1998. Respondent, however, did not grant petitioner's request for refunds of $10,777 and $34,367 that constituted one-half of the payment applied to the 1994 and 1996 income tax liabilities, respectively. On April 4, 2002, petitioner appealed respondent's decision denying her a refund relating to 1994 and 1996. On October 13, 2004, respondent's Appeals officer denied petitioner's appeal regarding her refund request but upheld respondent's determinations to grant petitioner equitable relief relating to 1994 and 1996.

On January 18, 2005, while residing in Fountain Valley, California, petitioner filed her petition seeking a redetermination of respondent's denial of a refund relating to 1994 and 1996.

OPINION

We may exercise jurisdiction only to the extent authorized

by Congress.  <u>Estate of Branson v. Commissioner</u>, 264 F.3d 904, 908 (9th Cir. 2001), affg. T.C. Memo. 1999-231.  Section 6015(e) provides that "In the case of an individual <u>against whom a deficiency has been asserted</u> and who elects to have subsection (b) or (c) apply * * * [he or she] may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief".  Sec. 6015(e)(1)(A) (emphasis added). Because respondent did not assert a deficiency relating to either 1994 or 1996, this Court does not have jurisdiction to review respondent's determinations.  Sec. 6015(e)(1); <u>Billings v. Commissioner</u>, 127 T.C. ____ (2006).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.