FILED

SEP 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAAKOV J. REVAH, | No. 11-70229 |
| Petitioner - Appellant, | Tax Ct. No. 24076-08L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 9, 2014**
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Yaakov Revah appeals from the decision of the tax court concluding that

equitable recoupment does not apply to offset his income tax liabilities, and

upholding the determination of the Internal Revenue Office of Appeals to proceed

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with the collection of such liabilities. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We reverse and remand.

A party seeking equitable recoupment must demonstrate that: (1) the "same transaction, item, or taxable event" is subject to two taxes; (2) the taxes are "inconsistent in that the Tax Code authorizes only a single tax"; (3) the tax sought to be recouped is time barred; (4) there is an "identity of interest between the parties paying the duplicative tax"; and (5) "the court in which the recoupment claim is brought must independently have jurisdiction to adjudicate the claim." *Estate of Branson v. Comm'r*, 264 F.3d 904, 909–10 (9th Cir. 2001) (internal quotations omitted).

The tax court concluded that Revah could not demonstrate that the Internal Revenue Service applied two inconsistent taxes. The tax court reasoned that Revah's inability to use net operating losses to reduce tax liabilities was the result of his failure to make his refund claims within the proper time period, rather than the result of inconsistent theories of taxation.

The tax court's conclusion that Revah is not entitled to equitable recoupment due to his failure to timely file is erroneous. In *United States v. Bowcut*, we rejected the government's argument that recoupment should not be permitted because the situation from which relief was sought was created by the taxpayer's

untimely refund claim. 287 F.2d 654, 657 (9th Cir. 1961); *see also Branson*, 264 F.3d at 918 (citing *Bowcut* to reject government's argument that petitioner was not entitled to equitable recoupment because she did not diligently pursue her refund claim). Rather, both *Bowcut* and *Branson* concluded that equitable recoupment was available even though the claims at issue were not timely filed. *Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657.

Therefore, even though Revah failed to timely file his refund claims, his untimeliness is not a ground upon which the tax court may deny equitable recoupment. *See Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657. The tax court thus erroneously concluded that Revah's failure to timely assert his refund claims precluded him from satisfying the equitable recoupment requirement that the taxes be inconsistent. Accordingly, we reverse and remand for further proceedings consistent with this memorandum disposition.

**REVERSED AND REMANDED.**