**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAIM REVAH and LUCINDA REVAH, | No. 11-70211 |
| Petitioners - Appellants, | Tax Ct. No. 23331-08L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted April 9, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Haim and Lucinda Revah appeal from the decision of the tax court

concluding that equitable recoupment does not apply to offset their income tax

liabilities, and upholding the determination of the Internal Revenue Office of

Appeals to proceed with the collection of such liabilities. Because the parties are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We reverse and remand.

A party seeking equitable recoupment must demonstrate that: (1) the "same transaction, item, or taxable event" is subject to two taxes; (2) the taxes are "inconsistent in that the Tax Code authorizes only a single tax"; (3) the tax sought to be recouped is time barred; (4) there is an "identity of interest between the parties paying the duplicative tax"; and (5) "the court in which the recoupment claim is brought must independently have jurisdiction to adjudicate the claim." *Estate of Branson v. Comm'r*, 264 F.3d 904, 909–10 (9th Cir. 2001) (internal quotations omitted).

The tax court concluded that the Revahs could not demonstrate that the Internal Revenue Service applied two inconsistent taxes. The tax court reasoned that the Revahs' inability to use net operating losses to reduce tax liabilities was the result of their failure to make their refund claims within the proper time period, rather than the result of inconsistent theories of taxation.

The tax court's conclusion that the Revahs are not entitled to equitable recoupment due to their failure to timely file is erroneous. In *United States v. Bowcut*, we rejected the government's argument that recoupment should not be permitted because the situation from which relief was sought was created by the

2

taxpayer's untimely refund claim. 287 F.2d 654, 657 (9th Cir. 1961); *see also*

*Branson*, 264 F.3d at 918 (citing *Bowcut* to reject government's argument that

petitioner was not entitled to equitable recoupment because she did not diligently

pursue her refund claim). Rather, both *Bowcut* and *Branson* concluded that

equitable recoupment was available even though the claims at issue were not

timely filed. *Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657.

Therefore, even though the Revahs failed to timely file their refund claims,

their untimeliness is not a ground upon which the tax court may deny equitable

recoupment. *See Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657. The tax

court thus erroneously concluded that the Revahs' failure to timely assert their

refund claims precluded them from satisfying the equitable recoupment

requirement that the taxes be inconsistent. Accordingly, we reverse and remand

for further proceedings consistent with this memorandum disposition.

**REVERSED AND REMANDED.**