### UNITED STATES of America, Plaintiff,

v.

### Augustus BRUNSWICK and Deshone Brunswick, Defendants.

### No. 2:05–CV–885–BES–GWF.

United States District Court, D. Nevada.

Nov. 21, 2006.

Daniel G. Bogden, U.S. Attorney's Office, Las Vegas, NV, Virginia Cronan Lowe, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Plaintiff.

Robert Doran Grossman, Jr., Tax Law Center LLC., Las Vegas, NV, for Defendants.

## ORDER

SANDOVAL, District Judge.

Currently before this Court is Defendants' Motion for Leave to Amend the Answer to Assert a Counterclaim (# 8), which was filed on April 24, 2006. On May 3, 2006, Plaintiff filed a Response to Defendants' Motion for Leave (# 13) and a Motion to Dismiss (# 10). Defendants filed a combined Reply to their Motion for Leave and Response to Plaintiff's Motion to Dismiss (# 14) on May 12, 2006.

## I. BACKGROUND

This action was brought by Plaintiff to recover an erroneous tax refund made to Defendants in July, 2003. The general allegations of Plaintiff's Complaint (# 1) state that Defendants' filed their 2002 federal income tax return with the Internal Revenue Service ("IRS"), and reported a tax liability in the amount of $711.00 and withholding credits of $5,445.00. On or about April 15, 2003, an unrelated third party made a payment of $185,000.00 to the IRS. This payment was erroneously deposited into Defendants' bank account in July, 2003. Defendants allegedly retained this amount knowing it to be an erroneous refund.

After Plaintiff initiated this action, it discovered that Defendants received the erroneous refund on July 18, 2003. Plaintiff's Complaint (# 1) was filed on July 21, 2005, three days after the applicable two year statute of limitations had expired. All of the parties agree that Plaintiff's claims are untimely. The disputed issue before this Court, however, is whether Defendants may amend their Answer (# 5) to include equitable recoupment claim; and, if so, does Defendants' equitable recoupment claim survive the dismissal of Plaintiff's Complaint (# 1).

## II. ANALYSIS

Because the resolution of Defendants' Motion for Leave to Amend (# 8) may preclude dismissal of this action under Rule 41(a)(2), the Court considers such Motion (# 8) before considering Plaintiff's Motion to Dismiss (# 10).

### A. Defendants' Motion for Leave to Amend (# 8)

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely granted when justice so requires and in the absence of prejudice. *See e.g., Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of S. Cal.,* 648 F.2d 1252, 1254 (9th Cir.1981); *Foman v.*

*Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ Plaintiff argues that the Court should deny Defendants' Motion to Amend (# 8) on the basis of futility because the Court lacks jurisdiction over their counterclaims for refund.

■ Although district courts have jurisdiction over tax refund suits pursuant to 28 U.S.C. § 1346(a)(1), this grant of jurisdiction must be read in "conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm,* 494 U.S. 596, 601, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). The first of these conditions is enumerated in 26 U.S.C. § 7422(a), which provides that no refund suit may be maintained in any court until a claim for refund has been duly filed with the Secretary of the Treasury. Further, under 26 U.S.C. § 6532(a), no refund suit "shall be begun before the expiration of 6 months from the date of filing the claim required under [section 7422(a) ] . . . ."

It is undisputed that Defendants filed their administrative claims for refund on April 10, 2006. Thus, the counterclaim that Defendants seek to amend to their answer is untimely as it was asserted on April 24, 2006—less than 6 months after the filing of their administrative claims. *See e.g., Dalm,* 494 U.S. at 602, 110 S.Ct. 1361 (failure of a taxpayer to comply with statutory requirements bars a district court from entertaining her refund suit.).

■ Defendants agree that refund suits must generally be brought in conformance with section 7422(a) and its related provisions. Defendants argue that section 7422(a) does not render their amendment futile, however, because, instead of adding a traditional refund claim, the amendment they seek would add an equitable recoupment counterclaim—a claim that is not governed by the statutory provisions of the Internal Revenue.

■ The Supreme Court first applied the doctrine of equitable recoupment to tax cases in *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). This doctrine "permits a party to a tax dispute to raise a time barred claim to reduce or eliminate the money owed on the timely claim." *Estate of Branson v. Commissioner of Internal Revenue,* 264 F.3d 904, 909 (9th Cir.2001). Further, this doctrine can only be used defensively to offset an adjudicated deficiency, not offensively to seek a money payment. *United States v. Dalm,* 494 U.S. at 611, 110 S.Ct. 1361.

*Bull* and its progeny require the party raising an equitable recoupment claim to satisfy several criteria before the court can apply the doctrine to offset an adjudicated deficiency. The Ninth Circuit has recognized four such criteria:

> First, the same "transaction, item or taxable event" must be subject to two taxes. Second, the taxes must be inconsistent in that the Tax Code authorizes only a single tax. Third, the tax sought to be recouped must be time barred. Fourth, there must be an "identity of interest" between the parties paying the duplicative tax. *Estate of Branson,* 264 F.3d at 909—10 (internal citations omitted).

In addition to the foregoing criteria, the Supreme Court has also noted that equitable recoupment cannot be the "sole basis of jurisdiction" and that the court in which the equitable recoupment claim is brought must therefore have independent jurisdiction to adjudicate the claim. *Dalm,* 494 U.S. at 608, 110 S.Ct. 1361. As a part of this independent jurisdiction requirement, the Supreme Court has repeatedly noted that taxpayers may only raise an equitable recoupment defense when defending a tax claim in a timely proceeding. *Dalm,* 494

U.S. at 608, 110 S.Ct. 1361 (stating that "a party litigating a tax claim in a timely proceeding may, in that proceeding, seek [equitable] recoupment...."); *Bull,* 295 U.S. at 262, 55 S.Ct. 695 (stating that an equitable recoupment "defense is never barred by the statute of limitations so long as the main action itself is timely.").

There are several reasons why the doctrine of equitable recoupment cannot apply in this case. First, the action for erroneous refund that was originally brought by Plaintiff is untimely under the statute of limitations. Defendants received the erroneous refund at issue in this case on July 18, 2003. Under the applicable statute of limitations, 26 U.S.C. § 6532(b), Plaintiff had two years to initiate a suit against Defendants for the recovery of an erroneous refund. Plaintiff, however, did not file the Complaint (# 1) in this action until July 21, 2005, three days after the statute of limitations had expired. Plaintiff's original action for an erroneous refund is therefore untimely, and this Court does not have jurisdiction apart from Defendants' claim of equitable recoupment.

Second, the payments that Defendants seek to recoup are not time barred. Defendants allege that Plaintiff withheld their tax refunds for the years 2002, 2003, and 2004 to offset the amount that Defendants allegedly owed to Plaintiff as a result of the erroneous refund that was deposited into Defendants' account on July 18, 2003. These withholdings are the subject of Defendants' equitable recoupment claim. Under the applicable statute of limitations, 26 U.S.C. § 6511(a), Defendants had three years from the time they filed their 2002 tax return to file an administrative claim for credit or refund of an overpayment. On or about April 10, 2006, Defendants filed a timely administrative claim for the refunds that Plaintiff withheld from the 2002, 2003, and 2004 tax years.[1] Defendants therefore may recover such payments by proceeding in the manner prescribed by the Internal Revenue Code. Because the remedy that Defendants seek under the doctrine of equitable recoupment is not time barred, such doctrine cannot be applied in this case.

Finally, Defendants are seeking to offensively invoke the doctrine of equitable recoupment to seek a money payment. Such a use of the doctrine is outside of its original purpose, which was to shield taxpayers from paying double taxes on the same transaction. If the Court were to rule as Defendants request, it would treat the doctrine of equitable recoupment as a sword rather than a shield and would allow Defendants to sidestep the jurisdictional requirements of the Internal Revenue Code. For good reason, no court has suspended the rules of jurisdiction under these circumstances, and this Court will not be the first to do so. *See Dalm,* 494 U.S. at 608, 110 S.Ct. 1361 (stating that "our previous equitable recoupment cases have not suspended rules of jurisdiction....").

Thus, the Court finds that amending Defendants' answer to include the proposed counterclaim would be futile. As was previously discussed, the doctrine of equitable recoupment is unavailable under the circumstances of this case. Further, to the extent that Defendants' counterclaim seeks to plead a traditional refund action, Defendants have not fulfilled the necessary requirements under the Internal Revenue Code to bring such an action.

1. Defendants filed their 2002 income tax return on July 8, 2003, giving them until July 8, 2006 to file an administrative claim regarding a refund of overpayment for that tax year. Given that the 2002 claims are timely, there is no question that the claims regarding overpayment in 2003 and 2004 were also timely filed on April 10, 2006.

Defendants' Motion for Leave to Amend (# 8) is therefore denied.

### B. Plaintiff's Motion to Dismiss (# 10)

Plaintiff moves to dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides the following:

> "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

The Ninth Circuit has interpreted this Rule as precluding the dismissal of an action if the defendant will suffer some plain legal prejudice as a result of the dismissal. *See e.g., Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir.1996).

Because the Court has denied their Motion to Amend (# 8), Defendants have not pleaded a counterclaim that would preclude dismissal of this action under the plain language of 41(a)(2). Further, Defendants have not asserted that they will suffer any legal prejudice if Plaintiff's Complaint (# 1) is dismissed. All of the parties agree that this action is barred by the statute of limitations, and Defendants concede that "the United States' Complaint should be dismissed...." (Reply (# 14) at 1). Accordingly, the Court finds that this action is time barred and that Defendants will not suffer any legal prejudice from the dismissal of this action under Rule 41(a)(2). Plaintiff's Motion to Dismiss (# 10) is therefore granted.

### III. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion For Leave to Amend the Answer to Assert a Counterclaim (# 8) is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss (# 10) is granted, and that this action is therefore dismissed with prejudice.